```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DANIEL HAGAN,                         )
                                      ) Civil Action
       Plaintiff              ) No. 2009-cv-04541
                                      )
       vs.                    )
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of the Social            )
Security Administration,              )
                                      )
       Defendant              )
                                      )
       and                    )
                                      )
SOCIAL SECURITY ADMINISTRATION        )
                                      )
       Interested Party       )

O R D E R
_____

NOW, this 3rd day of March, 2011, upon consideration of the following documents:

    (1) Decision of Administrative Law Judge Sherman S. Poland dated July 23, 2007;

    (2) Complaint filed October 23, 2009 (Document 3);

    (3) Answer filed January 13, 2010 (Document 6);

    (4) Plaintiff's Motion for Summary Judgment/Request for Review or, in the Alternative, Plaintiff's Motion for Remand filed February 26, 2010 (Document 7);

    (5) Plaintiff's Brief and Statement of Issues in Support of Request for Review, which brief and statement of issues was filed February 26, 2010 (Document 7);

    (6) Defendant's Response to Request for Review of Plaintiff, which response was filed March 30, 2010 (Document 8);

(7) Plaintiff's Reply Brief filed April 7, 2010 (Document 9); and

(8) Report and Recommendation of Chief United States Magistrate Judge Thomas J. Rueter filed July 27, 2010 (Document 11);

after a thorough review of the record in this matter; it appearing that neither party filed objections to Chief Magistrate Judge Rueter's Report and Recommendation; it further appearing that Chief Magistrate Judge Rueter's Report and Recommendation correctly determined the legal and factual issues presented in this case,

<u>IT IS ORDERED</u> that Magistrate Judge Rueter's Report and Recommendation is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that plaintiff's request for review is granted.

<u>IT IS FURTHER ORDERED</u> that plaintiff's motion for summary judgment is dismissed.[1]

<u>IT IS FURTHER ORDERED</u> that Plaintiff's motion for remand is granted.

---

[1] Pursuant to paragraph 1 of the current Procedural Order for Social Security Review, plaintiff is required to serve a summons and complaint upon defendant; and pursuant to paragraph 3, plaintiff is required to file and serve "Plaintiff's Brief and Statement of Issues in Support of Request for Review", which plaintiff did on February 26, 2010. Accordingly, a motion for summary judgment is no longer a required procedure in an action seeking review of a decision by the Commissioner of Social Security denying plaintiff social security benefits. Therefore, I have dismissed plaintiff's motion for summary judgment.

IT IS FURTHER ORDERED that judgment is entered in favor of plaintiff Daniel Hagan and against defendant Michael J. Astrue, Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the decision of the Commissioner dated July 23, 2007 and affirmed by the Appeals Council on July 31, 2009 which denied benefits to plaintiff Daniel Hagan is reversed.

IT IS FURTHER ORDERED that pursuant to sentence four of 42 U.S.C. § 405(g) this matter is remanded to the Commissioner for full development of the record in accordance Chief Magistrate Judge Rueter's Report and Recommendation.[2]

---

[2] Specifically, on remand, the Administrative Law Judge ("ALJ") shall:

> (1) consider the opinions of plaintiff's treating and examining physicians regarding his ability to stand and walk;
>
> (2) consider the limitations set forth by plaintiff's treating and examining physicians, and what effect, if any, they have on plaintiff's ability to perform work;
>
> (3) consider any limitations plaintiff has on his ability to reach with his extremities, and the effect these restrictions have on his ability to perform work;
>
> (4) resolve the inconsistency between the ALJ's finding that plaintiff was totally precluded from reaching with his right arm, and the ALJ's indication in the hypothetical question to the vocational expert that plaintiff was limited, but not precluded from reaching with his right arm;
>
> (5) properly assess plaintiff's ability to reason and concentrate, and determine what jobs, if any, plaintiff can perform with this reasoning level; and
>
> (6) properly consider plaintiff's residual functional capacity.

See Report and Recommendation, pages 12-15, and footnotes 6 and 8.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge